# In the United States Court of Federal Claims

|  |  |
|---|---|
| **PERATON, INC.,** *Plaintiff,* v. **THE UNITED STATES,** *Defendant.* | No. 23-1539 (Filed: May 10, 2024) |

*Steven M. Masiello*, *Gale M. Monahan*, *Sean D. G. Camacho*, Dentons US LLP, Denver, Colorado and Dallas, Texas, for Plaintiff.

*A. Bondurant Eley*, Senior Litigation Counsel, *Martin F. Hockey, Jr.*, Deputy Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

Plaintiff Peraton, Inc. brings this four-count Complaint seeking damages of $33 million (plus interest) against the U.S. Office of Personnel Management (OPM), under the Contract Disputes Act, 41 U.S.C. § 7101 *et. seq*, alleging breach of an end-user license agreement (Count I) and breach of contract (Count II) for permitting 2.2 million limited-use license users to use Peraton's proprietary Electronic Official Personnel Folder (eOPF) software without paying fees for annual maintenance services. Compl. ¶¶ 1, 53-69 (ECF 1). In the alternative, Peraton alleges OPM breached an implied-in-fact contract (Count III) or that OPM's actions constitute a Fifth Amendment taking (Count IV). Compl. ¶¶ 70-97. Before the Court is Defendant's Motion to Dismiss (MTD) Counts I through III of the Complaint pursuant to Court of Federal Claims Rule 12(b)(6),[1] as well as to dismiss Count III pursuant to Rule 12(b)(1).[2] ECF 14.

Rule 12(b)(6) permits the Court to dismiss an action for failure to state a claim upon which relief may be granted. Dismissal is proper under Rule 12(b)(6) "when a complaint does not allege

---

[1] Court of Federal Claims Rules 12(b)(6) is the same as Federal Rule of Civil Procedure 12(b)(6). *Compare* RCFC 12(b)(6) *with* Fed. R. Civ. P. 12(b)(6).

[2] In the alternative, the Defendant also seeks summary judgment on Counts I through III, MTD at 1, 13, and cites the legal standard for summary judgment under Rule 56(a) of the Court of Federal Claims in the Standard of Review section of its brief. MTD at 6-7. However, the Government does not provide any separate argument for summary judgment. Accordingly, the Court does not separately address the Government's alternate request for summary judgment, but has considered it, and finds it, *inter alia*, premature. The Court also notes that while it only discusses the Defendant's main arguments for dismissal for Counts I through III, it has considered all of them.

facts that show the plaintiff is entitled to the legal remedy sought." *Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021). The Court "must accept as true all the factual allegations in the complaint and … must indulge all reasonable inferences in favor of the non-movant." *Fishermen's Finest, Inc. v. United States*, 59 F.4th 1269, 1274 (Fed. Cir. 2023) (quoting *Conti v. United States*, 291 F.3d 1334, 1338 (Fed. Cir. 2002)). To survive a challenge pursuant to Rule 12(b)(6), a plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Government argues that Count I of the Complaint, breach of contract for the e.POWER End-User License Agreement (EULA),[3] fails to state a claim on which relief can be granted. MTD at 7-10. The Government's main argument is that because Peraton did not identify any Government representative having actual authority to bind the United States or attach the EULA to the Complaint, it "failed to plead, or even suggest, an agreement entered into by a Government representative." MTD at 8. The Court disagrees. The Government's argument is essentially a demand for an additional pleading requirement—to allege the identity of a Government official with authority to bind the Government—which is not required. *See Avue Techs. Corp. v. Sec'y of Health & Hum. Servs.*, 96 F.4th 1340, 1345 (Fed. Cir. 2024) (noting, in a dispute involving a software license, that the "obligation to actually prove the existence of such a contract does not arise until the case proceeds to the merits"). To have a valid claim for breach of contract, a plaintiff must show: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. *Peanut Wagon, Inc. v. United States*, 167 Fed. Cl. 577, 602 (2023) (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)). The Court finds that the Complaint adequately alleges these four elements to establish breach of contract claim for the EULA. First, the Complaint alleges a valid contract existed between the parties. Compl. ¶ 54. Second, the Complaint alleges the contract required the Government to continue purchasing software maintenance services in connection with the Government's use of its e.POWER licenses. Compl. ¶¶ 55-56. Third, the Complaint alleges a breach of the Government's duty when it stopped paying for the software maintenance services in 2018. Compl. ¶¶ 57-58, 61. Lastly, the Complaint alleges damages in the total amount of $33 million (plus interest). Compl. at 13-14. Collectively, these facts indicate that Plaintiff properly pled a breach of contract claim in Count I of the Complaint.

Similarly, the Government argues that Count II of the Complaint, breach of the 2016 Contract (Task Order No. OPM3216F0029 under General Services Administration Schedule Contract No. GS-35F-4506G), fails to state a claim because a change to the contract was not made by an official with authority to bind the Government. MTD at 10-12. As Peraton points out in its Response, the allegations in Count II go beyond "formulaic recitations of the elements of the cause of action" and detail sufficient facts upon which Peraton can establish each element of a breach of contract claim. *Twombly*, 550 U.S. at 555; *see also Claude Mayo Constr.*, 132 Fed. Cl. at 637-38 ("[G]overnment's hyper-technical argument, which faults Claude Mayo for not using [a specific word] in its amended complaint … is irreconcilable with the principle that reasonable inferences must be drawn in favor of the non-moving party in the context of a motion to dismiss."). Count II alleged the parties entered into a valid contract, the 2016 Contract, and the Government breached the terms of the 2016 Contract. *See* Compl. ¶¶ 25-27. As such, the Court finds that Peraton

---

[3] e.POWER is the name of the underlying software that runs eOPF. Compl. ¶ 9.

sufficiently pled a breach of contract claim in Count II of the Complaint. *See Peanut Wagon, Inc.*, 167 Fed. Cl. at 602.

Regarding Plaintiff's alternate legal theory in Count III, breach of an implied-in-fact contract, the Government argues, similar to before, that Plaintiff has failed to identify a specific official with authority to enter into an implied-in-fact contract. MTD at 12-13. However, the existence of a binding implied-in-fact contract, like an express contract, is a non-jurisdictional issue to be decided on the merits. *See Avue Techs. Corp*, 96 F.4th at 1345 ("[A] party need only *allege*, non-frivolously, that it has a contract (express or implied) with the federal government."). Accordingly, Plaintiff's alternate legal theory in Count III may proceed to discovery.

Finally, with respect to Count III, the Government also moves to dismiss it on the basis that the Court lacks jurisdiction to provide relief in *quantum meruit* under an implied-in-fact contract theory. MTD at 13. The Court disagrees. The Court may compensate a contractor on a *quantum valebant* or *quantum meruit* basis "[w]here a benefit has been conferred by the contractor on the government in the form of goods or services, which it accepted." *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1329-30 (Fed. Cir. 2006). "The contractor is not compensated under the contract, but rather under an implied-in-fact contract." *Id.*

For the reasons stated above, the Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

 s/ Philip S. Hadji
Philip S. Hadji
Judge